OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Office of Disciplinary Counsel v. Schumann.
[Cite as Disciplinary Counsel v. Schumann (1994),      Ohio
St.3d     .]
Attorneys at law -- Misconduct -- Public reprimand -- Conduct
     involving dishonesty, fraud, deceit, or misrepresentation.
     (No. 94-1813 --  Submitted October 24, 1994 -- Decided
December 7, 1994.)
     On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 94-10.
     By a complaint filed on February 22, 1994, relator, the
Office of Disciplinary Counsel, charged that respondent,
William Manning Schumann of Westerville, Ohio, Attorney
Registration No. 0017238, had signed a client's name to an
affidavit, notarized the purported signature of that client,
and then filed the notarized affidavit in the case of Keeling
v. Keeling, case No. 80DR-07-2286, Franklin County Court of
Common Pleas, Domestic Relations Division, and that he had
thereby violated DR 1-102(A)(3)(illegal conduct involving moral
turpitude); 1-102(A)(4)(conduct involving dishonesty, fraud,
deceit, or misrepresentation); 1-102(A)(5)(conduct prejudicial
to the administration of justice); and 1-102(A)(6)(conduct that
adversely reflects on his fitness to practice law).  Respondent
was served with the complaint, and filed an answer admitting
the facts from the complaint, but affirmatively stating that he
had signed the affidavit with the prior knowledge and consent
of his client, and denying that his conduct constituted a
violation of any Disciplinary Rule.
     The matter was heard by a panel of the Board of
Commissioners on Grievances and Discipline of the Supreme Court
on June 27, 1994.  The record from the hearing reflects that
respondent has an active general practice in Westerville,
Ohio.  Respondent was engaged by Arlene Keeling on November 21,
1990, for the purpose of obtaining an increase in child support
and/or spousal support.
     During the representation of Keeling, respondent signed
Keeling's name on an affidavit of expenses, notarized the
signature, and filed the affidavit in the Franklin County Court
of Common Pleas.  Sometime following respondent's actions,

Keeling terminated the legal representation, and proceeded to represent herself.

Based on the evidence at the hearing, the panel found a violation of DR 1-102(A)(4). It then recommended that respondent be publicly reprimanded. The board adopted the panel's findings and its recommendation, and also recommended that the costs be taxed to respondent.

Geoffrey Stern, Disciplinary Counsel, and Harald F. Craig III, Assistant Disciplinary Counsel, for relator.

William M. Schumann, pro se.

Per Curiam. Having thoroughly reviewed the record, we agree with the board's findings of misconduct and its recommendation. Accordingly, respondent is hereby publicly reprimanded. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.